UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL ZARCO,<br><br>Plaintiff,<br><br>v.<br><br>VWR INTERNATIONAL, LLC, et al.,<br><br>Defendants. | Case No. 20-cv-00089-HSG (SK)<br><br>**ORDER ON DISCOVERY DISPUTE REGARDING PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Regarding Docket No. 50 |

On March 16, 2021, the parties filed another joint letter discovery brief to address their dispute regarding Plaintiff's requests for production of documents. Plaintiff moves to compel further information in response to Requests for Production of Documents 52 and 53 and seeks sanctions pursuant to Fed.R.Civ.P. 37.

Requests Nos. 52 and 53 seek information regarding other jobs which Plaintiff might have been able to perform. Request No. 52 seeks: "All writings or ESI relating to all employment positions with the Defendant which were open and available during the time period from January 1, 2018 to the present, within 75 miles of Vallejo, California." (Dkt. No. 50-2.) Request No. 52 seeks: "All job descriptions, job duties, job briefs, or other writings or ESI relating to the duties, responsibilities and essential functions for the employment positions identified in Request No. 52 above." (*Id*.) Defendants responded to both in relevant part: "Subject to and without waiving the foregoing objections, Defendant will produce documents sufficient to show the open and available positions during the relevant time period." (*Id*.) Defendants produced a chart in response to these requests either on April 30, 2020 or August 13, 2020. (Dkt. No. 50 at page 1, line 28.)

Plaintiff challenges that chart because the chart contains redactions without a privilege log and because the chart is "nearly illegible." Plaintiffs now seek a chart without redactions, seek information about when the jobs were "filled," and job descriptions for the positions listed on the

1   chart in an "SOP."

2   Plaintiff took the deposition of Andrew Koo on December 29, 2020.[1] (Dkt. No. 50-3.)
3   Plaintiff claims that, at Koo's deposition, Koo revealed the existence of other documents that
4   describe the jobs on the chart. In his deposition, Koo explained that there is a "SOP" for the
5   position that Plaintiff held and that document describes Plaintiff's duties in more detail. (Dkt. No.
6   50-3.)

7   The discovery cutoff for fact discovery in this case was December 31, 2020. (Dkt. No.
8   33.) The first date that Plaintiff attempted to meet and confer with Defendants about the chart was
9   February 2, 2021. (Dkt. No. 50-4 at page 4.)

10  Defendants argue that Plaintiff brings this motion too late. They are correct. Local Rule
11  37-3 states in relevant part:

> Where the Court has set separate deadlines for fact and expert
> discovery, no motions to compel fact discovery may be filed more
> than 7 days after the fact discovery cut-off, . . . Discovery requests
> that call for responses or depositions after the applicable discovery
> cut-off are not enforceable, except by order of the Court for good
> cause shown.

Here, because the discovery deadline for fact discovery ended in December 31, 2020, the deadline for a motion to compel was January 7, 2021. Plaintiff filed this letter brief on March 16, 2021, long after the deadline. Even though Plaintiff does not argue that there was good cause for the delay in bringing this motion, the Court considers that issue and finds that there was no good cause for delay. Defendants produced the chart, with redactions, by August 13, 2020. Plaintiff was well aware of the fact that the chart was redacted but did not move to compel before the deadline. Plaintiff may argue that the Koo deposition yielded information about additional documents that justified a later filing of this motion, but that deposition took place on December 29, 2020. Plaintiff first attempted to meet and confer about the chart on February 2, 2021, long after the deposition and long after the deadline for filing a motion to compel. Furthermore, the

---

[1] The cover page of the deposition transcript incorrectly lists a date of December 29, 2021 – which is obviously incorrect because that date has not yet occurred. (Dkt. No. 50-3.)

Koo deposition does not necessarily support Plaintiff's position, as the testimony was only that there was a "SOP" describing in further detail Plaintiff's job, not every job on the chart. There is no evidence before the Court that Plaintiff even attempted to question Koo about the chart or about the existence of other documents similar to the "SOP" for other jobs on the chart.

Finally, the Court takes into consideration the procedural posture of this case in determining if there is good cause for an extension of the deadline to file a motion to compel. On February 11, 2021, Defendants filed a motion for summary judgment, with a hearing date of May 6, 2021. (Dkt. No. 39.) That motion is fully briefed. Allowing Plaintiff to avoid the deadline for a motion to compel at this late stage of proceedings may interfere with the District Court's adjudication of the case.

For these reasons, the Court DENIES the motion to compel and DENIES the motion for sanctions.

**IT IS SO ORDERED**.

Dated: March 17, 2021

SALLIE KIM
United States Magistrate Judge

3