UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMANUEL ZARCO,<br><br>    Plaintiff,<br><br>v.<br><br>VWR INTERNATIONAL, LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-00089-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MEMORANDUM OF COSTS**<br><br>Re: Dkt. No. 60 |

Plaintiff Emmanuel Zarco brought suit against VWR International, LLC, Avantor, Inc., and Avantor Performance Materials, Inc. (together, "Defendants"), alleging violations of the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, et seq. ("FEHA"), and public policy. Dkt. No. 1, Ex. 1. On May 13, 2021, the Court granted Defendants' motion for summary judgment. Dkt. No. 57. Defendants submitted a bill of costs seeking $6,690.86 from Plaintiff on May 26, 2021. Dkt. No. 59. Pending before the Court is Plaintiff's motion to strike Defendants' memorandum of costs. Dkt. No. 60 ("Mot."). Defendants opposed Plaintiff's motion to strike, Dkt. No. 61 ("Opp."), and Plaintiff replied, Dkt. No. 62. The Court directed the parties to submit supplemental briefing addressing whether the Court should exercise its discretion to deny costs to Defendants under Federal Rule of Civil Procedure 54(d). Dkt. No. 64. The parties timely filed their responses. *See* Dkt. Nos. 65, 66. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to strike Defendants' memorandum of costs.

I.    **DISCUSSION**

    A.    **Legal Standard**

Under the *Erie* doctrine, federal courts apply state substantive law and federal procedural law in diversity cases. *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 ( 9th Cir. 2003). Costs are

normally considered procedural and therefore governed by Federal Rule of Civil Procedure 54. *Champion Produce, Inc v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). Federal Rule of Civil Procedure 54 creates a presumption that costs will be awarded to the prevailing party. *See* Fed. R. Civ. Proc. 54(d)(1); *Ass'n of Mexican-American Educators v. State of California,* 231 F.3d 572, 591 (9th Cir.2000).

Plaintiff argues that state law, specifically California Government Code section 12965(b), should govern the issue of costs in FEHA cases, even when those cases are heard by a federal court sitting in diversity. *See* Mot. at 1-3. California Government Code Section 12965(b) provides that a prevailing defendant in FEHA actions shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it became clear the action was frivolous, unreasonable, or groundless. Cal. Gov't Code § 12965(b) (2021). Plaintiff argues that through section 12965 the California legislature has evinced a "special interest" in governing the issue of costs, and that, in accordance with *Clausen v. M/V New Carissa*, 339 F.3d 1049 (9th Cir. 2003), the issue of costs is therefore a substantive issue to which state law should apply. *See* Mot. at 1-3.

In *Clausen*, the Ninth Circuit applied Oregon state law in awarding costs to plaintiffs who prevailed under the Oregon Oil Spill Act. *Clausen*, 339 F.3d at 1065. The Oil Spill Act contained a "*damages provision* that permits prevailing plaintiffs . . . to recover 'costs of any kind' as *one element of its compensatory damages*." *Id.* at 1064 (citation omitted) (emphasis in original). The Ninth Circuit held that the Oregon state legislature had evinced a "special interest" in ensuring litigants were compensated for reasonable sums expended in pursuit of an Oil Spill Act claim. *Id.* (citation omitted). The court thus concluded that a plaintiff's right to recover costs under the Oil Spill Act was substantive, and state law applied because damages are "inseparably connected" to the right of action. *See id.* at 1065 (citation omitted).

Defendants, in turn, argue that *Clausen* does not apply in the FEHA context because *Clausen* involved a compensatory damages scheme while California Government Code Section 12965(b) addresses costs outside of the context of damages. Opp. at 2. Defendants point to *Gardner v Federal Express Corporation*, an unpublished case in which the Ninth Circuit affirmed

the district court's application of federal law (i.e. FRCP 54) to the issue of costs arising from a FEHA claim. 719 Fed. Appx. 559, 562 (Dec. 13, 2017).[1] The plaintiff in *Gardner* had appealed the district court's award of costs to the prevailing defendant, arguing that state law should apply. *Id.* The Ninth Circuit explained that such an argument was foreclosed by *Champion Produce*, which held that "[a]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases." *Id.* (citing *Champion Produce, Inc v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)).

The Court agrees with Defendants that the issue of costs in the context of a FEHA claim is a procedural issue that must be decided under federal law. The *Clausen* exception does not apply because *Clausen* involved a state statute concerning damages, and "[t]he question of the proper measure of damages is inseparably connected with the right of action." *See Clausen*, 339 F.3d at 1064-65. Here, FEHA has no substantive damages provision. *See State Dep't of Health Serv. v. Superior Court*, 31 Cal. 4th 1026, 1042 (2003). Costs in the FEHA context are procedural and are not linked to a statutory damages provision. Therefore, the Court finds that Federal Rule of Civil Procedure 54(d)(1) governs the issue presented.

### B. Analysis

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. State of California,* 231 F.3d 572, 591 (9th Cir. 2000).

The Ninth Circuit has recognized the following appropriate reasons for denying costs: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743

---

[1] As an unpublished Ninth Circuit decision, *Gardner* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

F.3d 1236, 1247–48 (9th Cir. 2014). The *Escriba* factors are "not an exhaustive list of good reasons for declining to award costs, but rather a starting point for analysis." *Id.* (internal quotations omitted). The Ninth Circuit has also held that when determining whether to award costs it is an abuse of discretion to fail to consider the indigency of a party and the chilling effect such an award would have on civil rights litigants. *See Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999).

### i. Substantial Public Importance

Courts in this district have explained that a case is considered to be of substantial importance "when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011). FEHA was enacted to protect the right to seek, obtain, and hold employment without experiencing discrimination because employment discrimination "foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general." *See* Cal. Gov't Code §§ 12920, 12921. The case at hand concerned an employee who requested unpaid leave for an unspecified period of time while he awaited a heart transplant. *See* Dkt. No. 57 at 3-4. The Court granted summary judgment in favor of Defendant, and the ruling reflects the Court's views regarding the scope of important state protections. *See generally* Dkt. No. 57. On balance, this factor is neutral, and does not weigh against or in favor of awarding costs.

### ii. Closeness and Difficulty of the Issues

The second *Escriba* factor concerns "the closeness and difficulty of the issues in the case." *Escriba*, 743 F.3d at 1247-48. In this case, the Court granted Defendant's motion for summary judgment because Plaintiff had not presented a triable issue of fact. It is key to note, however, that the Court did not find Plaintiff's claims to be frivolous. The failure to achieve success on a claim does not mean that the suit was frivolous or without merit. *See Ayala*, 2011 WL 6217298 at *2. As the Supreme Court has noted in the context of deciding whether to award attorneys' fees in a

4

federal employment discrimination lawsuit, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978). Here, Plaintiff requested unpaid leave while he waited for a heart transplant, but his employer stated that it was not possible to hold his position while Plaintiff waited for a heart transplant to become available. Though this Court found that Plaintiff's requested leave was indefinite, and thus not a required reasonable accommodation, the law on its face does not set a cap on the amount of leave that can be granted under FEHA. Plaintiff did not act frivolously or in bad faith in bringing his causes of action. While this factor militates in favor of awarding costs to the Defendant, it certainly does not require that result.

### iii. Chilling Effects on Future Similar Actions

Third, the Court finds that awarding $6,690.86 in costs would have a chilling effect on similar employment discrimination actions in the future. As the Ninth Circuit has noted, "even modest costs can discourage plaintiffs who . . . earn low wages." *Escriba*, 743 F.3d at 1249. Other courts in this district have declined to award costs similar to the amount at issue here where such an award would have a chilling effect on civil rights plaintiffs. *See Williams v. County of Santa Clara*, No. 15-cv-04494-BLF, 2019 WL 1332719, at *2 (N.D. Cal. March 25, 2019) (declining to award $6,034.40 in costs to defendants where plaintiff had alleged wrongful conduct including discrimination based on sex, age, and race, and failure to promote); *Moujaes v. San Francisco City & County.*, No. 15-cv-03129-DMR, 2017 WL 1540732, at *3–4 (N.D. Cal. April 28, 2017) (declining to award $3,517.25 in costs to defendants where plaintiff had alleged unlawful seizure, wrongful arrest, and excessive force by police officers). As further detailed below, Plaintiff has documented his low income. *See* Dkt. No. 66 at 3-4. The Court agrees with Plaintiff that an award of costs in this case would discourage workers, especially those with low incomes, from bringing suit against their employers for fear of having to pay thousands of dollars to cover the employer's costs. *Id.* at 3. This factor weighs heavily against awarding costs.

### iv. Financial Resources of Plaintiff

The fourth *Escriba* factor requires the Court to consider Plaintiff's financial resources compared to the requested award. *See Stanley*, 178 F.3d at 1079. "Whether the financial resources in question are of a sufficient level to deny an award of costs can be inferred from the economic circumstances of the plaintiff." *Ayala*, 2011 WL 6217298 at *2. Plaintiff states that he has not worked since August 2021, and that at the time the summary judgment motion was being litigated he was making $1,800 per month as the caregiver for an elderly individual. *See* Dkt. No. 66 at 4. Plaintiff represents that he "struggle[s] each month to meet the costs of living," and that he does not have the money to pay Defendants' requested costs. *Id.* Plaintiff alleges that awarding costs would make it difficult, if not impossible, for him to afford basic life necessities, such as food and rent. Dkt. No. 66 at 5. This factor weighs heavily against awarding costs.

### v. Economic Disparity Between Parties

Finally, the fifth *Escriba* factor takes into account the degree of economic disparity between the parties. Plaintiff alleges that Defendant Avantor had free cash flow of $868 million in 2020 and that Defendant VWR has an annual revenue of more than four billion dollars. Dkt. No. 66 at 4. Defendants' supplemental brief did not directly address Defendants' financial resources other than to allude to themselves as "deep-pocketed" defendants. *See* Dkt. No. 65 at 4. Contrary to Defendants' urging that it is unfair to punish defendants based on size alone, *id.*, the Ninth Circuit has clearly stated that district courts should consider the parties' economic disparity when determining whether to award costs under Federal Rule of Civil Procedure 54, *see Escriba*, 743 F.3d at 1247-49. Even assuming *arguendo* that Plaintiff had a steady income of $1,800 per month, the large economic disparity between the parties weighs heavily against awarding costs.

//
//
//
//
//

## II. CONCLUSION

The Court finds, in its discretion, that Plaintiff has adequately rebutted the presumption in favor of awarding costs to the prevailing party. Accordingly, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' Memorandum of Costs, Dkt. No. 59.

**IT IS SO ORDERED.**

Dated: 12/15/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge